IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


FIRST QUALITY BABY       :
PRODUCTS, LLC
    Plaintiff         :

                          :
    vs.                  :      CIVIL NO. 1:CV-09-0354
                          :

KIMBERLY-CLARK WORLDWIDE, INC., :

    Defendant            :


*M E M O R A N D U M*

*I.    Introduction*

        Plaintiffs First Quality Baby Products, LLC, First Quality Products, Inc., and First Quality Retail Services, LLC (collectively "First Quality") brought this action against Defendant Kimberly-Clark Worldwide, Inc. ("K-C") on February 25, 2009, seeking a declaratory judgment that their products do not infringe U.S. Patent No. 5,496,298 ("the '298 patent"), and/or that the '298 patent is invalid or unenforceable. Upon careful review of the briefs and the submissions of the parties, we will grant Defendant's motion to dismiss for lack of subject matter jurisdiction.

*II.    Background*

        First Quality is a private label manufacturer of diapers with its primary place of business in Lewistown, Pennsylvania. In its complaint, First Quality alleges it has offered for sale a new

diaper product that has elastic ears with non-parallel sides.  As of the date of its complaint, First Quality's new diaper product was in production and limited to a trial volume being sold by one retailer.  An unrestricted launch of the new product was expected to occur in or about March of 2009.

In anticipation of being sued by K-C, the holder of the '298 patent, First Quality filed this declaratory judgment action seeking a declaration that its products do not infringe the '298 patent, and/or that the '298 patent is invalid or unenforceable.  In response to the complaint, K-C filed the instant motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rules of Civil Procedure 12(b)(1), claiming that First Quality has not shown that an "actual controversy" existed at the time of the filing of its complaint.  First Quality responded by filing an "Amended Complaint" alleging additional facts and new causes of action for declaratory judgment.[1]

*III. Discussion*

*A. Standard of Review*

"'A motion to dismiss under Rule 12(b)(1) challenges the jurisdiction of the court to address the merits of the plaintiff's complaint.'" *Vieth v. Pennsylvania*, 188 F.Supp.2d 532, 537 (M.D.

---

[1] Whether First Quality's filing is an amended complaint or a supplemental pleading is discussed later in this Memorandum.

Pa. 2002)(quoting *Ballenger v. Applied Digital Solutions, Inc.*, 189 F.Supp.2d 196, 199 (D.Del. 2002). The motion should be granted where the asserted claim is "'insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy.'" *ORG, Ltd. v. Nartron Corp.*, 513 F.Supp.2d 149, 151-52 (M.D. Pa. 2007)(citing *Coxson v. Pennsylvania*, 935 F.Supp. 624, 626 (W.D. Pa. 1996)).

A motion to dismiss pursuant to Rule 12(b)(1) may be treated as either a facial or factual challenge to the court's subject matter jurisdiction. *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000). When evaluating a factual attack, the court may consider evidence outside the pleadings. *Gould Elecs. Inc.*, 220 F.3d at 176. The Plaintiff bears the burden of proving that jurisdiction exists. *Edmunds Holding Co. v. Autobytel Inc.*, 598 F.Supp.2d 606, 608 (D.Del. 2009).

K-C is mounting a factual attack to jurisdiction. *See Cedars-Sinai Med. Ctr. v. Watkins,* 11 F.3d 1573, 1583 (Fed. Cir. 1993)("If the...motion denies or controverts the pleader's allegations..., the movant is deemed to be challenging the factual basis for...subject matter jurisdiction."). In support of its motion, K-C submitted a declaration by its vice president and chief counsel of litigation, Kyle K. Kappes. Mr. Kappes stated (1) neither he, nor anyone at K-C, had assessed whether First Quality's product infringed "any of K-C's patents because, prior

3

to receipt of the samples [on March 4, 2009], K-C had not seen the product;" and (2) that "K-C had no communication with First Quality regarding any threat of enforcement of the '298 patent, any issues relating to the technology claimed in the '298 patent, or any threat of litigation against First Quality relating to its diaper product."  Declaration of Kyle K. Kappes, at ¶¶ 7 and 9.

As K-C is factually attacking jurisdiction, the allegations in the complaint are not controlling. *Id.* "Only uncontroverted factual allegations are accepted as true." *Id.* Thus, the burden is on First Quality to produce sufficient evidence to establish subject matter jurisdiction. *See Panavise Prods., Inc. v. National Prods., Inc,* 306 F.App'x 570, 572 (Fed. Cir. 2009).

   *B.  Declaratory Judgment*

"The Declaratory Judgment Act provides that, '[i]n a case of *actual controversy* within its jurisdiction...any court of the United States...may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sough." *MedImmune, Inc. v. Genentech, Inc.,* 549 U.S. 118, 126, 127 S.Ct. 764, 166 L.Ed.2d 604 (2007)(citing 28 U.S.C. § 2201(a))(emphasis added). The party claiming declaratory judgment jurisdiction has the burden of establishing that jurisdiction "existed at the time the claim for declaratory relief was filed and that it has continued

4

since." *Benitec Australia, Ltd. v. Nucleonics, Inc.*, 495 F.3d 1340, 1344 (Fed. Cir. 2007).

An actual controversy exists where "'the facts alleged, under all the circumstances, show that there is a substantial controversy, between the parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" *Prasco, LLC v. Medicis Pharmaceutical Corp.*, 537 F.3d 1329, 1334 (Fed. Cir. 2008)(citing *MedImmune*, 549 U.S. at 127). A case or controversy "must be based on a *real* and *immediate* injury or threat of future injury that is *caused by the defendants*-an objective standard that cannot be met by a purely subjective or speculative fear of future harm." *Prasco*, 537 F.3d at 1339 (emphasis in original). Generally, jurisdiction will not "arise merely on the basis that a party learns of the existence of a patent owned by another or even perceives such a patent to pose a risk of infringement, without some *affirmative act* by the patentee." *SanDisk Corp. v. STMicroelectronics, Inc.*, 480 F.3d 1372, 1380-81 (Fed. Cir. 2007)(emphasis added).

*C. Analysis*

K-C argues that First Quality has failed to carry its burden of establishing that a case or controversy existed because K-C never (1) threatened First Quality with an infringement action, (2) communicated with First Quality regarding either the '298 patent or First Quality's products, (3) evaluated First Quality's products and (4) publically stated an intent to pursue

5

possible infringers. (Def.'s Reply Br. at 1). Essentially, K-C argues that it did not commit an "affirmative act" triggering subject matter jurisdiction. First Quality argues that (1) the surrounding circumstances suggest that they would soon be sued by K-C for infringing on the '298 patent and (2) the current legal standard for subject matter jurisdiction is more lenient, facilitating the availability of declaratory relief. (Pls.' Br. In Opp'n at 7-9).

First Quality argues that the "actual controversy" standard is a lenient legal rule that facilitates or enhances the availability of declaratory judgment in patent cases. However, the cases relied on by First Quality do not show that the "actual controversy" standard to be as broad or permissive as it suggests. Specifically, as K-C indicates (Def.'s Reply Br. at 8-9), the cases cited by First Quality had, prior to suit being filed, a patentee affirmatively acting in some way or threatening the declaratory judgment plaintiff. *See Mircon Tech., Inc. v. Mosaid Technologies, Inc.,* 518 F.3d 897, (Fed. Cir. 2008)(patentee sent threatening letters to plaintiff, made public statements indicating a continued aggressive enforcement strategy and strongly suggested plaintiff license its technology); *Cat Tech LLC v. Tube Master, Inc.,* 528 F.3d 871 (Fed. Cir. 2008)(patentee brought infringement suit and defendant counterclaimed seeking declaratory judgment); *Panavise*, 306 F.App'x at 570 (not finding jurisdiction where prior litigious conduct and potentially

infringing product were only basis for jurisdiction). It seems clear from the above cited cases that the overt acts of the patentees, or lack thereof, targeting the declaratory judgment plaintiffs prior to suit factored heavily into the findings, or lack of finding, for subject matter jurisdiction. Thus, while the absence of pre-complaint threats or communication between a patentee and a declaratory judgment plaintiff is not required to demonstrate an actual controversy, the cases cited by First Quality support the proposition that the lack of overt, affirmative acts is a significant hurdle to the finding of jurisdiction. *See Id.; See also Edmunds*, 598 F.Supp.2d at 610.

The basis for First Quality's declaratory judgment action is its assumption of an impending lawsuit.[2] Specifically, First Quality points out that every other company that introduced diapers having elastomeric ears with non-parallel edges was sued by K-C for infringement of the '298 patent. (Pls.' Br. In Opp'n at 7). However, this fact alone is not controlling. Prior litigation brought by K-C is relevant in our analysis, but it is

---

[2] First Quality indicates that K-C brought suit against it in the Northern District of Texas for allegedly violating the '298 patent, two weeks after First Quality filed this action. It makes much of this fact in its attempt to demonstrate an actual controversy. However, jurisdiction must exist at the time of filing. *Benitec,* 495 F.3d at 1344; *Baker Hughes Oilfield Operations, Inc. v. ReedHycalog UK, Ltd.,* No. 05-931, 2008 WL 345849, at *3 (D. Utah Feb. 6, 2008). "Events that transpired after filing cannot operate to create jurisdiction at the time of filing." *Id.* The Texas action may have given rise to jurisdiction, but that event is not appropriate for us to consider in our analysis of whether jurisdiction existed at the time of filing this action.

only one circumstance we must consider in assessing whether an actual controversy existed. See *Prasco*, 537 F.3d at 1341.

We are more persuaded by the lack of evidence of an affirmative act on the part of K-C. K-C indicates, and First Quality admits (Pls.' Br. In Opp'n at 8), that there was no communication between the parties prior to the commencement of this action. In support of its position, First Quality submitted declarations of Susan O'Connell, director of product development for First Quality Baby Products, LLC, and Anthony Silwanowicz, director of product development for First Quality Products, Inc. However, these declarations do not evidence any communication between the parties prior to litigation, they do not indicate any threats on the part of K-C prior to First Quality bringing suit or show that K-C was even aware of First Quality's products prior to this litigation. First Quality downplays this lack of evidence by arguing that K-C's litigation against other companies shows a real and immediate threat of future injury. This fact cannot be ignored, and evidences a willingness on the part of K-C to enforce its patents through infringement actions. However, we believe this one fact alone, without more, does not indicate a "definite and concrete" dispute that is "real and substantial," *See MedImmune,* 549 U.S. at 127, or a "*real* and *immediate* injury or threat of future injury" caused by K-C at the time of filing. *Prasco*, 537 F.3d at 1339.

### D. Supplemental Pleading

Because First Quality's Amended Complaint included allegations concerning events that happened after it filed its first complaint, it is a supplemental complaint, not an "amended complaint." *See* Fed. R. Civ. Pro. 15(d)("On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented.); *See also Prasco*, 537 F.3d at 1337. While the Supreme Court has "confirmed that supplemental pleadings can be used to cure subject matter jurisdiction deficiencies..., later events may not create jurisdiction where none existed at the time of filing." *Prasco*, 537 F.3d at 1337 (citations omitted). We are required to grant leave to amend before dismissing a complaint that is merely deficient. *ORG,* 513 F.Supp.2d at 152. However, dismissal without leave to amend is justified on grounds of "bad faith, undue delay, prejudice or futility." *Alston v. Parker,* 363 F.3d 229, 236 (3d Cir. 2004).

Here, it would be futile for First Quality to amend its complaint. Facing a factual attack, First Quality was permitted to adduce evidence to show that jurisdiction was proper, but it has failed to meet its burden. We conclude it would be futile to allow First Quality to amend its complaint. Inasmuch as we are dismissing its complaint, First Quality's attempt to supplement is moot.

*IV. Conclusion*

We conclude that First Quality failed to meet its burden of proof demonstrating that an actual controversy existed at the time it initiated this declaratory judgment action, and we will grant Defendant's motion to dismiss for lack of subject matter jurisdiction.

/s/William W. Caldwell  
William W. Caldwell  
United States District Judge

Date: June 15, 2009

```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```

FIRST QUALITY BABY           :
PRODUCTS, LLC
          Plaintiff          :

                             :
          vs.                      CIVIL NO. 1:CV-09-0354
                             :

KIMBERLY-CLARK WORLDWIDE, INC., :

          Defendant          :


*O R D E R*

AND NOW, this 15th day of June, 2009, upon consideration of the Defendant's motion to dismiss for lack of subject matter jurisdiction (doc. 12), and pursuant to the accompanying Memorandum, it is ordered that:

    1. Defendant's motion to dismiss for lack of subject matter jurisdiction is granted.

    2. Plaintiff's motion for leave to file a supplemental pleading (doc. 20) is dismissed as moot.

    3. Defendant's motion to dismiss Plaintiff's amended complaint (doc. 16) is dismissed as moot.

    4. The Clerk of Court shall close this file.

<u>/s/William W. Caldwell</u>
William W. Caldwell
United States District Judge